**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ramiro Rocha, | No. CV-19-00346-TUC-DCB |
| Plaintiff, | **PROTECTIVE ORDER** |
| v. | |
| Unknown Parties, | |
| Defendant. | |

Upon Motion for Protective Order [Doc. 8] filed by the United States of America, and good cause appearing,

IT IS HEREBY ORDERED that:

1. The Motion for Protective Order [Doc. 8] is GRANTED.

2. The United States may disclose documents and information relating to the three individuals alleged as defendants in this action and protected by the Privacy Act of 1974, 5 U.S.C. § 552a, subject to this Order.

3. Documents and information sought to be protected by this Order, as determined by the United States, shall be designated to the effect of "SUBJECT TO PROTECTIVE ORDER," and, once so designated, shall be deemed "protected information" subject to this Order.

4. Access to protected information shall be limited to (a) the parties and their legal counsel in this action, (b) attorneys, law clerks, paralegals, secretaries, assistants, consultants and expert witnesses in the employ the parties and/or their legal counsel in this

action, provided such disclosure is reasonably and in good faith calculated to aid in this action; (c) court reporters used in this action; (d) the U.S. District Court, District of Arizona, and its staff; and (e) any jury in this action.

5. Any person given access to protected information under Sections 4(a), (b) or (c) of this Order shall be informed of and shall agree with the terms of this Order and shall acknowledge his or her agreement in writing to the person giving access to the protected information.

6. Except as otherwise provided in this Order, no person having access to protected information shall disclose such information to any person except as provided in this Order or upon further order of this Court.

7. Unless this Court has previously ruled that protected information is not subject to the Privacy Act and/or this Privacy Act Protective Order, or is not otherwise within the scope of this Order, items designated as subject to this Order may be part of the public record only under seal.

8. Protected information shall be used solely for this action or appeal of this action, and for no other proceeding or purpose.

9. All protected information shall be destroyed or returned to the United States, and all documents that contain protected information shall be destroyed or redacted, within sixty (60) days after the conclusion of all trial and appellate proceedings in this action. If requested by the United States, any person with protected information in his or her possession, custody or control shall, within sixty (60) days after conclusion of all trial and appellate proceedings in this action, certify in writing that all such protected information has been returned to the United States, destroyed or redacted.

10. Neither the United States nor any of its officers, employees or attorneys shall bear any responsibility or liability for any unauthorized disclosure of any documents or information obtained under this Order.

11. This Order shall not be construed to make any materials or information discoverable that are not otherwise discoverable, and does not constitute any ruling on any

potential objection to discoverability or admissibility of any materials or information, including any ruling with respect to any objection by the United States or its agencies, officers or employees to Plaintiff's subpoena directed to Special Agent Harrison Putnam or related Touhy request.

12. This Order may be amended by further Order of this Court. The United States, Plaintiff, or Defendants may move to amend this Order or may oppose such motion.

Dated this 24th day of September, 2019.

_____
Honorable David C. Bury
United States District Judge