**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ramiro Rocha, | No. CV-19-00346-TUC-DCB |
| Plaintiff, | **ORDER SETTING ASIDE ENTRY OF DEFAULT AND SETTING RULE 16 CASE MANAGEMENT SCHEDULING CONFERENCE** |
| v. | |
| Unknown Parties, et al., | |
| Defendants. | |

Plaintiff filed this action on July 10, 2019, alleging false arrest and excessive use of force claims against the Defendants, officers of the Tohono O'odham Nation's police force. Defendants were served but failed to file a timely Answer. Default was entered against Defendant Cerveri on January 8, 2020. On January 9, 2020, Plaintiff applied for entry of defaults against Defendants Cardenas and Aragon. On January 9, 2020, Defendants filed an Answer. On January 10, 2020, Defendants filed an opposition to the applications for entry of defaults against Cardenas and Aragon and moved to set aside the default that was entered against Cerveri.

The Defendants explain that they acted immediately upon being served and notified the Fraternal Order of Police, which is responsible for securing them counsel. They also informed the police department. Through no fault of the Defendants, the Fraternal Order of Police dropped the ball by failing to contact Tribal First, the insurer responsible for routing legal work to the police department's attorneys. Tribal First, due to certain employees being on vacation, failed to act promptly as well. Upon entry of the default

against Cerveri, the inadvertent oversights became apparent and Tribal First contacted counsel. Defendants' counsel acted immediately upon obtaining the referral by filing notices of appearance and the Answer.

The Defendants ask the Court to exercise its power to set aside the entry of default upon a showing of good cause. Fed. R. Civ. P. 55(a). The Plaintiff agrees that good cause exists to set aside the default against Cerveri and does not object to the Court denying his applications for entries of default as to Aragon and Cardenas.

**IT IS ORDERED** that the Motion to Set Aside the Default (Doc. 31) entered against Defendant Cerveri is GRANTED; the Clerk of the Court shall set aside the entry of Default against Defendant Cerveri.

**IT IS FURTHER ORDERED** that the Application for Entry of Default against Defendant Aragon (Doc. 26) is DENIED.

**IT IS FURTHER ORDERED** that the Application for Entry of Default against Defendant Cardenas (Doc. 27) is DENIED.

**IT IS FURTHER ORDERED** that, pursuant to Rule 16, Federal Rules of Civil Procedure, a Pretrial Scheduling Conference is set for **Tuesday, April 7, 2020, at 10:30 a.m.** The conference will be held telephonically with the Judge's law clerk, Greer Barkley. Plaintiffs' counsel shall initiate the conference call with all appropriate parties on the line to (520) 205-4560.

Counsel are directed to consult the Federal Rules of Civil Procedure for the objectives of the conference.  At least one of the attorneys for each party attending the conference shall have authority to enter into stipulations and make admissions regarding all matters which may be discussed.

**IT IS FURTHER ORDERED** that, pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, counsel are directed to confer at least 21 days prior to the scheduling conference to discuss the following matters:

1. Any matters relating to jurisdiction, venue, the joinder of additional parties or amendment of the pleadings;

2.     The scope of discovery.  Counsel are expected to comply with Rule 26(f), Federal Rules of Civil Procedure, and seek to minimize the expense of discovery.  The parties shall determine how to handle the disclosure or discovery of electronically stored information.  The parties shall make any agreements as to how to handle claims of privilege or claims of protection for trial-preparation materials asserted after production;

3.     Initial Disclosures.  General Order 17-08, as amended November 1, 2018, supersedes the parties' obligations to provide initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1).  Prior to when the parties confer pursuant to Rule 26(f), counsel should make the necessary disclosures required under the General Order.  *See* Doc. 4: Notice to the Parties of Mandatory Initial Discovery Pilot Project (MIDP), MIDP Checklist, General Order 17-08 (providing requirements for initial disclosures under the Mandatory Initial Discovery Pilot (MIDP) program).[1]  At the Rule 26(f) conference, the parties should discuss the mandatory initial discovery responses and seek to resolve any limitations they have made or intend to make.  *See* below ¶ 10.

4.     A schedule for all pre-trial proceedings;

5.     Modification of pre-trial procedures due to the simplicity or complexity of the case;

6.     Prospects for settlement; and

7.     Any other matters which counsel may feel will help dispose of the matter in an efficient manner.

**IT IS FURTHER ORDERED** that the parties shall prepare a joint Case Management Plan and file it with the Court not less than 5 days before the Rule 16 scheduling conference.  The report shall include individually numbered brief statements indicating:

1.     The names and telephone numbers for counsel who are appearing at the Pretrial Scheduling Conference.

---

[1] **Resources related to the MIDP are also available on the Court's website at http://www.azd.uscourts.gov/attorneys/mandatory-initial-discovery-pilot.**

2.     The nature of the case, setting forth the factual and legal basis of plaintiff's claims and defendant's defenses;

3.     The factual and legal issues genuinely in dispute and whether they can be narrowed by stipulation or motions;

4.     The jurisdictional basis of the case, citing specific statutes;

5.     The parties, if any, that have not been served or any joinder of additional parties;

6.     The names of parties not subject to the Court's jurisdiction;

7.     Whether there are dispositive or partially dispositive issues to be decided by pre-trial motions;

8.     Whether the case is suitable for reference to arbitration, to a master, or to a magistrate for trial;

9.     The status of related cases pending before other judges of this court or before other courts;

10.    The date(s) of the parties' responses to the MIDP discovery requests, and a discussion of the parties' compliance to date with the MIDP, including: a description of the Rule 26(f) discussions of the mandatory initial discovery responses and the resolution of any limitations invoked by any party in its response, as well as any unresolved limitations or other discovery issues; the initial and supplemental responses and any other discovery requests, objections, and responses involved in any unresolved limitations or discovery issues, and the parties should be prepared to discuss resolution of any limitations invoked by any party.  General Order § A(9).  The Court shall set a deadline, if necessary, for supplementing MIDP responses to resolve any compliance issues to date.

11.    Proposed deadlines for discovery, which shall also be the deadline for final supplementation of MIDP responses pursuant to General Order § A(8);[2] filing dispositive

---

[2] **General Order 17-08 should be reviewed carefully.**  It requires parties to timely supplement their MIDP responses as new information is discovered.  Parties who fail to timely disclose relevant information will be precluded from using it in the case and may be subject to other sanctions.  Parties who unreasonably postpone disclosure of relevant information to the end of the discovery period will also be subject to sanctions.

motions, and a proposed pre-trial order statement;

12.    Estimated date that the case will be ready for trial and the estimated length of trial;

13.    Whether a jury trial has been requested;

14.    The prospects for settlement, including whether any party wishes to have a settlement conference with another judge or magistrate and how settlement efforts can be assisted;

15.    In class actions, the proposed dates for class certification proceedings and other class issues. Such certification will result in the case being reassigned to the complex track for case management purposes

16.    Any unusual, difficult, or complex problems affecting the conduct of the case. If the parties believe that discovery will require more than six months, counsel MUST provide an explanation showing why, in the instant case, a lengthier period for discovery is necessary and essential; and

17.    Any other matters which counsel feel will aid the Court in expediting the disposition of this matter efficiently.

After the scheduling conference, the Court will enter a Rule 16 Scheduling Order setting the time within which counsel may complete discovery, file pre-trial dispositive motions, and file the proposed pre-trial order. The Court's Order shall control the course of the action unless modified by subsequent Order.

Dated this 25th day of February, 2020.


_____
Honorable David C. Bury
United States District Judge

- 5 -