**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ramiro Rocha, | No. CV-19-00346-TUC-DCB |
| Plaintiff, | **ORDER** |
| v. | |
| Unknown Parties, et al., | |
| Defendants. | |

Plaintiff files a Motion for a Protective Order precluding codefendants from being present at the depositions of other codefendants. The Court denies the Motion for a Protective Order.

Plaintiff files a Motion for a Protective Order precluding codefendants from being present at the depositions of other codefendants. This case involves three Tohono O'odham Police Department officers, who were plain-clothes detectives driving in an unmarked police car in Tucson, outside Tohono O'odham police jurisdiction. They allegedly stopped the Plaintiff and, without consent or probable cause, searched his car. They allegedly seized the Plaintiff, by removing him from his car with their guns drawn, breaking his ankle while cuffing him, then driving him in their unmarked car to a shopping center parking lot and leaving him there.

Rule 26(c)(1)(E) provides that the Court may enter a protective order which "designat[es] the persons who may be present" during the deposition upon showing

1  "good cause" that the party requires protection from "annoyance, embarrassment, oppression or undue burden or expense."

Most courts have granted protective orders to bar parties from attending depositions only in very limited circumstances. *See, e.g., Kerschbaumer v. Bell*, 112 F.R.D. 426 (1986) (denied because no evidence of harassment, secret information, falsification of testimony, or that attending deposition would make falsification of testimony likely); *Galella v. Onassis*, 487 F.2d 986, 997 (2d Cir.1973) (to prevent harassment after party willfully ignored restraining order); *United States v. Osidach*, 513 F.Supp. 51, 89 n. 22 (Penn. 1981); (granted to prevent coercion of witness); *Metal Foil Products Manufacturing Co. v. Reynolds Metals Co., Inc.*, 55 F.R.D. 491, 493 (E.D.Va.1970) (to prevent dissemination of trade secrets). A minority of the cases has gone so far as to grant these motions simply to ensure that deponents testify only to matters within their independent recollections and without any influence from statements made by other witnesses. *See, e.g., Beacon v. R.M. Jones Apartment Rentals*, 79 F.R.D. 141, 142 (N.D. Ohio 1978); *Milsen Co. v. Southland Co.*, 16 Fed.R.Serv.2d 110 (N.D.Ill.1972).

Rule 30 governs when oral depositions may be taken with and without leave of court: "A party may, by oral questions, depose any person, including a party, without leave of court...." Fed. R. Civ. P. 30(a)(1). Rule 30 requires notice of the deposition to be given "to every other party." Fed. R. Civ. P. 30(b)(1). Examination and cross-examination proceeds at a deposition "as they would at trial under the Federal Rules of Evidence, except Rules 103 and 615." Fed. R. Civ. P. 30(c)(1). Objections, "to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition- must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection. Fed. R. Civ. P. 30(c)(2).

Rule 30, subsection c, addresses the need to keep a deposition moving by postponing the impact of an objection to be fully addressed at the time of trial, such as by rulings of preclusion or trial directives to limit use or instruct on bias. Subsection c was

revised in 1993 to address the disagreement between courts, discussed above, of some holding that witnesses should be excluded through invocation of Rule 615 of the evidence rules, and others holding that witnesses may attend unless excluded for good cause by an order under Rule 26(c)(E). Rule 30(c), Advisory Committee Notes 1993 Amendment.[1]

The scope of Rule 26(c) is unsettled in this circuit, but the 1993 amendment makes it clear that subsection E should be invoked sparingly, with the burden on the movant showing good cause for sequestration under Rule 26(c)(1). *Skidmore v. Northwest Engineering Co.*, 90 F.R.D. 75 (S.D.Fla.1981). This Court will follow the majority of the courts interpreting Rule 26(c). To make a showing of good cause, the movant has the burden of showing the injury "with specificity," *Pearson v. Miller*, 211 F.3d 57, 72 (3d Cir. 2000), by demonstrating a particular need for protection, *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir.1986). The Court looks to whether the movant has set forth particular and specific demonstrations of fact, as distinguished from stereotyped and conclusory statements, *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981); *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir.1998); broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, will not establish good cause, *Cipollone*, 785 F.2d at 1121. *See e.g., United States v. Garrett*, 571 F.2d 1323, 1326, n.3 (5th Cir.1978)) (requiring "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements"). Harm should be significant, not a mere trifle which may be addressed at trial. *Garrett*, 571 F.2d at 1326 (citing *Joy v. North*, 621 F.2d 880, 894 (2d Cir.1982)).

In *Collins v. San Francisco*, 2014 WL 7665248 (Calif., October 10, 2014), a hostile work environment case, the court refused to preclude joint plaintiffs from attending the deposition of another plaintiff, where defendant argued they would have an

---

[1] "[I]f exclusion is ordered, consideration should be given as to whether the excluded witnesses, likewise, should be precluded from reading, or being otherwise informed about, the testimony given in the earlier depositions." Rule 30(c), Advisory Committee Notes 1993 Amendment. In this case, the Plaintiff does not ask the Court to preclude the codefendants from reading or otherwise being informed about each other's deposition testimony.

1   opportunity to conform their testimony. The court reasoned the "[d]efendant is well-
2   equipped to use the Federal Rules to shed doubt on witness testimony allegedly tainted by
3   attendance at another witness' deposition, without Court interference in plaintiffs'
4   presumptive right to be present at each other's depositions." *Id.* (citing *E.E.O.C. v. JBS*
5   *USA, LLC*, 2012 WL 934205, at *2 (Colo. Mar. 20, 2012).

6         In *Dade v. Willis*, 1998 WL 260270 (Penn., April 20, 1998), the court, too,
7   "recognize[d] that many courts have declined to order sequestration based on a broad and
8   conclusory allegation that, should the witnesses be allowed to attend each other's
9   depositions, they will tailor their testimony to conform to one another." But it concluded
10  that the circumstances before it to be "extraordinary." The witnesses in question were
11  law-enforcement officers, the issue was police-brutality, and the plaintiff demonstrated
12  that the issues in the case were "matters solely within" their knowledge." Not only was
13  credibility a crucial issue, but the two witnesses were not only partners on the police
14  force, they were defendants who possessed an interest in the outcome of the case,
15  substantially elevating the risk that the testimony of one would, either consciously or
16  subconsciously, influence the testimony of the other. *Id.* at *3.

17        The Plaintiff relies on *Smith v. Ramsey*, 2016 WL 3059375 (Penn., May 31, 2016),
18  a case also involving excessive use of force claims against police officers which followed
19  *Dade*. The *Smith* court relied on 3 factors: 1) a lack of other evidence besides the parties'
20  testimony; 2) the officers were not only partners, they were codefendants, with the same
21  interest in the outcome of the case, and 3) the officers would testify under the color of
22  authority in comparison to plaintiff's status as a criminal. Finding no evidence of actual
23  falsification, the court found these factors created more than an inchoate fear that if the
24  officers attended each other's deposition, they would, either consciously or
25  subconsciously, conform their testimony. *Id.*

26        This Court rejects *Ramsey* and *Dade* as part of the minority of cases that grant
27  these motions simply to ensure that deponents testify only to matters within their
28  independent recollections and without any influence from statements made by other

witnesses. This Court follows the directive of Rule 26(c), which requires a showing of good cause, with the burden on the movant to show injury "with specificity" and of a type which is significant, not a mere trifle which may be addressed at trial.

Here, the Defendants are three police officers. The case involves allegations of an illegal seizure and excessive use of force, with evidence being primarily limited to the testimony of the parties. As codefendants, they are all interested in the same outcome of the case. The codefendants all attended the training academy together, and on the day of the alleged incident, they were getting together for lunch. They appear to be friends as well as professional colleagues. As witnesses they have the weight of being officers of the law, with the ability to present a three-against-one united front at trial. These facts would exist in almost every case of this type.

Here, there is the additional factual assertion that the Defendants have already acted together to divert justice; Defendants failed to follow police procedures and did not report the incident to their supervisor or file reports regarding the incident.

At trial, the Plaintiff may present this evidence to support their assertion that the witnesses were present at each other's depositions and tailored their testimony to conform to one another. The Court will instruct the jury that all witness testimony carries the same weight, and to not give more weight to police officer testimony simply because the witness is a law enforcement officer. Therefore, the Court denies the Motion for Protective Order.

**Accordingly,**

**IT IS ORDERED** that the Motion for Protective Order (Doc. 61) is DENIED.

Dated this 13th day of October, 2020.

David C. Bury
United States District Judge